## GOULD ET UX. *vs.* ———

*Ninth District Court for Siskiyou Co., March T.*, 1858.

### SLANDER——MOTION TO STRIKE OUT.

Words accusing a party of a crime, which would subject the perpetrator to infamous punishment, are *per se* actionable.

Words not *per se* actionable, although set out as part of a conversation in which actionable words were used, will, if there be no special damages averred, be stricken out upon motion. (*Deyo* v. *Brundage*, (13 *How. Pr.* 221.) overruled.)

A husband is a proper party plaintiff in an action brought to recover damages for slanderous words spoken of the wife, although the complaint contains no allegation that he, as husband, has sustained damage.

On demurrer to the complaint for slander.   The requisite facts are sufficiently stated in the opinion.

*J. D. Cosby* and *E. Steele*, for plaintiff.

*E. H. Stone* and *J. B. Rosborough*, for defendant.

DAINGERFIELD, J.—The complaint in this case sets forth as a cause of action, that the defendant called the wife, one of the plaintiffs, a " baby killer," " thereby meaning that the plaintiff *Samantha*, killed the defendant's baby, and is therefore guilty of murder;" also the plaintiff " is a whore, a damned old French whore," that " she is a liar, and a damned old perjured liar, and I, (defendant,) can prove it," " thereby meaning that she, the plaintiff *Samantha*, had been guilty of perjury, and that he, defendant could prove it;" and further alleges that " by reason of said charges she has suffered damages, by losing the confidence, respect, and society of many good and lawful citizens, and has suffered and been damaged thereby in the amount of ten thousand dollars," for which sum plaintiff prays judgment.

The demurrer assigns as causes of demurrer,

*First.* That the proper parties are not before the court, and that *George Gould* is not a necessary and proper party, there being no allegation that he, as her husband, has been injured.

*Second.* That the words are not in themselves actionable when

taken together, nor are any of them so when taken separately.

*Third.* That the complaint does not state facts sufficient to constitute a cause of action.

Upon the first assignment of error in the complaint, I am of the opinion that the husband is properly joined. This was certainly so before the adoption of the *code*, and so far as the parties to an action are concerned, I consider the *code* but declaratory of the common law on this point. The husband and wife are properly joined as plaintiffs.

The next point as stated is not well made. I understand that all words are actionable *per se*, which would impute to the party concerning whom they are spoken, a crime punishable with imprisonment, or for which a party may suffer other infamous punishment. Then applying this rule to the allegations of the complaint, the crime of murder or infanticide is alleged in one count, and the crime of perjury is alleged in another, either of which would subject the accused, if true, to "infamous punishment." I therefore adjudge that the point made in the second case of demurrer as laid is not well taken.

The third and last ground is covered by the decision on the first two, and is therefore likewise overruled.

Demurrer overruled with leave to amend in — days.

(Afterwards a motion was made on the part of defendant that so much of the "complaint as charges the defendant with calling the plaintiff *Samantha Gould* with being a whore, a damned old French whore," be stricken out.)

DAINGERFIELD, J.—I am satisfied that defendant's motion should be granted. These words without any allegation of *special damage*, are not actionable. They are not so at common law, and there being no statute in *California*, subjecting a party to punishment for being a whore, unless she keep a house of ill-fame, the words are not actionable here. "Prostitution was not punishable at common law, but by statute applicable to the city of London, alone." It is true that in the case of *Deyo* v. *Brundage*, (13 *How*, *Pr*. 221,) to which I have been referred, *Harris*, J., refused to strike out the words in italic in an allegation setting out the publication of the following words:

Gould et ux. *vs.* ———

" *Your wife is a damned Irish woman, and has got the palsy; and your son is insane,* and you are a damned thief." In his opinion, although the justice admits that " the only actionable language imputed to the defendant in the complaint, is that by which he charges that the defendant is a thief," and although he says that " it may not be *necessary* to allege in the complaint all that was said," yet he refuses to grant the motion because " no useful end could be attained by requiring the plaintiff, when preparing his complaint, to select out from the whole conversation those expressions only which involve the slanderous charge." I must disagree with justice *Harris* upon the conclusion to which he arrives, from the consideration that, as I understand the spirit of the *code*, everything which is not *necessary* is objectionable. There is no necessity for having the words in question in the complaint. It is true, that plaintiff must on the trial, " prove all that was said at the time," but I am unable to see that this furnishes any reason for its being alleged. The whole conversation must be proved, even though the actionable portion only should be set out on the complaint. The allegation then, of that portion which is not actionable, in no wise affects the case in any of its subsequent stages— it does not alter its position on the *trial*, nor the proof which can then be introduced. It stands then a simply *unnecessary* allegation upon the record. Now I do not think that the question is " if unnecessary and harmless, why should it be stricken out ? " But rather, starting with the general principle that the *spirit* of our *code* contemplates conciseness, brevity and simplicity, " if unnecessary, why should it be retained ?" There certainly seems to be no satisfactory answer to the question. True, it may be said, that the rights of the defendant may be saved by instructing the jury that the words are not actionable, but I can see no good reason for compelling the defendant to protect himself by an instruction, from a charge which the law does not say is an injury, unless special damages are claimed for it. Defendant's motion is therefore allowed.